```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS


LOTUS THOMPSON,                )
                               )
               Plaintiff,      )
                               )
vs.                            )    Case No. 08-1024-MLB
                               )
MICHAEL J. ASTRUE,             )
Commissioner of                )
Social Security,               )
                               )
               Defendant.      )
_____)
```

RECOMMENDATION AND REPORT

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties and has been referred to this court for a recommendation and report.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the

1

correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

   The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial

gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not

to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. § 404.1520(a)(4); 404.1520(f,g).

**II.  History of case**

On July 28, 2006, administrative law judge (ALJ) Melvin B. Werner issued his decision (R. at 16-23).  Plaintiff alleges disability beginning July 11, 2003 (R. at 16).  Plaintiff is insured for disability insurance benefits through December 31, 2008 (R. at 18).  At step one, the ALJ found that plaintiff did

not engage in substantial gainful activity since July 11, 2003, the alleged onset date (R. at 18).  At step two, the ALJ found that plaintiff had the following severe impairments: depression/anxiety and headache symptoms (R. at 18).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 18-19).  After determining plaintiff's RFC (R. at 20), the ALJ found at step four that plaintiff is unable to perform past relevant work (R. at 22).  At step five, the ALJ found that plaintiff can perform other jobs that exist in significant numbers in the national economy (R. at 22-23).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 23).

**III.  Did the ALJ err in his consideration of the opinions of Dr. McIntyre, and Dr. Hon, plaintiff's treating physicians?**

Plaintiff began receiving mental health treatment at COMCARE of Sedgwick County on November 17, 2003 (R. at 275-277). Plaintiff was seen by Dr. McIntyre from December 19, 2003 (R. at 273-274) through March 17, 2005 (R. at 263, 258).  On May 14, 2004, plaintiff's COMCARE records indicate the following:

> At this point in time, I feel she is disabled from work.

(R. at 270).  On July 8, 2004, plaintiff's COMCARE records indicate the following:

> Patient is still disabled from work at this point in time.

5

(R. at 269). On December 29, 2004, plaintiff's COMCARE records include the following statement from Dr. McIntyre:

> Patient still remains disabled an[d] unable to return to work, an[d] in my opinion is not capable of maintaining competitive employment for the foreseeable future, after having done a complete review of my clinical notes. She was hospitalized in November 2002 for depression and panic disorder that was brought on by severe harassment at work. Her former boss has now been arrested for rape of his stepdaughter, as well as, physically assaulting his wife. He has a reported record of harassment of other individuals in the Derby school system. Patient suffered decreased self-esteem an[d] onset of panic disorder related to this job related stressful situation.

(R. at 265). Dr. McIntyre also noted that plaintiff "has experienced increased panic attacks, i.e., between one to three weekly" (R. at 265). On March 17, 2005, Dr. McIntyre indicated the following in plaintiff's treatment notes:

> Patient remains totally disabled from current psychiatric illnesses. She reports having problems with increased frequency of migraine headaches that are worsening her depressive symptoms.

(R. at 263). However, the ALJ, in his decision, failed to mention any of the above opinions expressed by Dr. McIntyre.[1]

---

[1] Although plaintiff's brief stated that Dr. McIntyre found plaintiff to be disabled, plaintiff's counsel failed to cite to any part of the record to support that assertion. Counsel is reminded that specific citations to the record are required. Furthermore, defendant's brief inexplicably failed to address plaintiff's argument that the ALJ erred by not mentioning the opinions of Dr. McIntyre.

6

An ALJ must evaluate every medical opinion in the record. <u>Hamlin v. Barnhart</u>, 365 F.3d 1208, 1215 (10th Cir. 2004). In the determination of issues reserved to the Commissioner, such as opinions regarding: whether an impairment meets or equals a listing, plaintiff's RFC, whether a plaintiff can do past relevant work, how age, education, and work experience apply, and whether a plaintiff is disabled, treating source opinions are not entitled to special significance or controlling weight. <u>Soc. Sec. Rul.</u> 96-5p, (Medical Source Opinions on Issues Reserved to the Commissioner), 1996 WL 374183, at *2. However, even on issues reserved to the Commissioner, including plaintiff's RFC and the ultimate issue of disability, opinions from any medical source must be carefully considered and must never be ignored. Social Security Ruling (SSR) 96-5p, 1996 WL 374183 at *2-3. It is clear legal error to ignore a medical opinion. <u>Victory v. Barnhart</u>, 121 Fed. Appx. 819, 825 (10th Cir. Feb. 4, 2005).

The failure of the ALJ to even mention the opinions of Dr. McIntyre (although they include his opinion on an issue reserved to the Commissioner, i.e., whether plaintiff is disabled) clearly violates the Commissioner's own regulations and rulings. <u>Lackey v. Barnhart</u>, 127 Fed. Appx. 455, 457-458 (10th Cir. Apr. 5, 2005); <u>Miller v. Barnhart</u>, 43 Fed. Appx. 200, 203-204 (10th Cir. July 22, 2002). Therefore, this case should be remanded in order for the ALJ to consider what weight to give the opinions of Dr.

McIntyre in accordance with the regulations and rulings.

The ALJ also gave little weight to the opinions of Dr. Hon (R. at 22), who provided treatment at COMCARE for plaintiff after Dr. McIntyre left (R. at 258-259, 331-333). Dr. Hon opined on October 31, 2005 that plaintiff had numerous moderate, marked or extreme mental limitations. Dr. Hon also opined that plaintiff was probably not employable because of limitations in performing a regular schedule and showing up to work regularly (R. at 335-337). The ALJ noted that Dr. Hon had only seen plaintiff twice when he offered his opinions, and that his opinions were not consistent with the COMCARE treatment notes (R. at 19-20). However, the ALJ failed to consider the opinions of Dr. Hon in light of the opinions and treatment notes of Dr. McIntyre. Dr. Hon had access to the treatment records of Dr. McIntyre, who had treated the plaintiff for nearly 1 ½ years. The ALJ must therefore take into consideration the fact that Dr. McIntyre and Dr. Hon, plaintiff's treatment providers for over 2 years, had opined that plaintiff was probably not employable or disabled. Therefore, on remand, the ALJ shall reconsider what weight to accord to the opinions of Dr. Hon in light of the opinions and treatment notes of Dr. McIntyre. After giving proper consideration to the opinions of Dr. McIntyre and Dr. Hon, and all the evidence of record, the ALJ shall then make new credibility findings, new RFC findings, and new findings, as

necessary, in the remaining steps of the sequential evaluation process.[2]

Finally, although the issue of plaintiff's RFC and whether or not they are disabled are issues reserved to the Commissioner, SSR 96-5p, 1996 WL 374183 at *2, SSR 96-5p goes on to state the following:

> Because treating source evidence (including opinion evidence) is important, if the evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record, the adjudicator must make "every reasonable effort" to recontact the source for clarification of the reasons for the opinion.

---

[2]The opinions of physicians, psychologists, or psychiatrists who have seen a claimant over a period of time for purposes of treatment are given more weight over the views of consulting physicians or those who only review the medical records and never examine the claimant. The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all. Robinson v. Barnhart, 366 F.3d 1078, 1084 (10th Cir. 2004). The ALJ gave greater weight to the opinions of Dr. McRoberts, a nonexamining professional, and little weight to the opinions of Dr. Hon (R. at 22), while improperly ignoring the opinions of Dr. McIntyre. Dr. McRoberts provided his opinions on July 15, 2004 (R. at 309-329). Dr. Schulman then affirmed the opinions of Dr. McRoberts on Sept. 22, 2004 (R. at 309, 326). The court would note that the opinions of these nonexamining professionals thus predates many of the treatment notes in the COMCARE treatment records, including the detailed opinions provided by Dr. McIntyre, a treating professional, on December 29, 2004 and March 17, 2005 (R. at 265, 263), and also predates the opinions of Dr. Hon on October 31, 2005 (R. at 335-337). The ALJ cannot reject the opinions of treating medical sources absent a legally sufficient explanation for doing so. Robinson, 366 F.3d at 1084.

1996 WL 374183 at *6. Therefore, on remand, should the ALJ determine that the evidence does not support the opinions of Dr. McIntyre and Dr. Hon, the ALJ should consider whether or not to recontact them.

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties. Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on November 4, 2008.

s/John Thomas Reid  
JOHN THOMAS REID  
United States Magistrate Judge